IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Adkins, *a/k/a Richard A. Adkins,* | ) C/A: 5:12-1591-CMC-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Tim Riley, Warden, Tyger River Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Richard Adkins, also known as Richard A. Adkins, ("Petitioner"), a state prisoner in the Tyger River Correctional Institution of the South Carolina Department of Corrections in Enoree, South Carolina, who is proceeding pro se and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for initial screening. Petitioner alleges that he was sentenced to life imprisonment with eligibility for parole in 30 years after his entry of a negotiated guilty plea in his capital murder trial in Horry County General Sessions Court, on June 27, 1988, in *State v. Adkins*, 1988-GS-26-681. *See* ECF No. 1 at 1. Petitioner previously filed a § 2254 habeas action in this court, on September 12, 2000, challenging this same conviction and sentence. *See Adkins v. Wannamaker, et al.*, C/A No. 2:00-2793-24AJ (D.S.C.). On June 19, 2003, now-Chief United States District Judge Margaret B. Seymour issued an order dismissing the § 2254 petition in C/A No. 00-2793, following a June 5, 2003 evidentiary hearing. *See* C/A No. 00-2793, ECF No. 26. Having carefully reviewed the

instant Petition, Petitioner's prior proceedings in this court,[1] and the applicable law, the undersigned

recommends that the instant Petition be summarily dismissed pursuant to 28 U.S.C. § 2244(3) and

*In re: Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996).  The instant Petition is a second or successive §

2254 petition. Because Petitioner filed this Petition without first obtaining an order from the United

States Court of Appeals for the Fourth Circuit authorizing the district court to consider it, the court

lacks jurisdiction to hear the Petition.

I.      Background

        A.      Petitioner's Allegations

        Petitioner alleges that newly discovered evidence, which was withheld from him at his

criminal trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), shows the true and correct time

of death of the victim to be 3 p.m. as reported by the Horry County coroner.  Petitioner alleges that

the Myrtle Beach Police falsely reported the victim's time of death as 9 a.m., the Medical University

of South Carolina's pathologist used that false time of death on the autopsy report, and the entire

case against Petitioner was premised on the false evidence of the victim's time of death.  Petitioner

alleges that he had an alibi for the true time of death of the victim, but that the prosecutor did not

produce the coroner's report in response to Petitioner's counsel's discovery request.  Petitioner

alleges, as a first ground, that his trial counsel was ineffective in failing to discover the true and

correct time of death of the victim and in allowing Petitioner to enter an involuntary, unintelligent

guilty plea based on erroneous evidence.  Petitioner alleges, as a second ground, that the

prosecution's *Brady* violation denied him due process.  As ground three, Petitioner re-alleges that

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

his guilty plea was involuntary and uninformed, because he was wrongly denied the crucial mitigating evidence of the coroner's report to defend himself. The Petition does not allege when this newly discovered evidence was discovered. Petitioner does allege, in response to the timeliness question on the petition form, that he was informed, on August 11, 2011, via a letter from one of his post-conviction relief ("PCR") attorneys, that the South Carolina Supreme Court had denied Petitioner's appeal on these issues. Petitioner alleges that the one-year time limit applicable to § 2254 habeas petitions under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA," Pub. L. 104-132, 110 Stat. 1214, codified in 28 U.S.C. § 2244(d)) is to be calculated from August 11, 2011 and the instant Petition is timely because he "claims actual innocence and miscarriage of justice due to *Brady* violations." *See* ECF No. 1 at 5-13.

> B.     Pro se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the AEDPA, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe pro se petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)

(citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

II.     Discussion

The Petition filed in this case should be summarily dismissed because it is a second or successive § 2254 petition and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this court. If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government.

4

*See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Under 28 U.S.C. § 2244(b)(1), "[a]

claim presented in a second or successive habeas corpus application under section 2254 that was

presented in a prior application shall be dismissed." The issue of successiveness of a habeas petition

may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997);

*Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 U.S. Dist. LEXIS 68795, 2010 WL 2720912

(D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal

post-conviction relief ("PCR") from judgments of conviction entered in federal and state courts.

Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus

relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On April 24,

1996, the President of the United States signed into law the Anti-Terrorism and Effective Death

Penalty Act of 1996 (the AEDPA, referred to above) which, in part, amended Chapter 153. The

AEDPA effected a number of substantial changes regarding the availability of federal PCR to

individuals convicted of crimes in federal and state courts. Of particular importance here are the

provisions of the AEDPA codifying and extending judicially constructed limits on the consideration

of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657

(1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for

a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from

the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194. The "gatekeeping"

mechanism created by the AEDPA added 28 U.S.C. § 2244(b)(3)(A) to provide that, "*[b]efore* a

second or successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

A petitioner may be able to present a claim for the first time in a successive habeas petition when the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, when the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Here, Petitioner asserts that he did not raise the three grounds raised in the instant Petition in his previous state court PCR actions because the information concerning the time of death of the victim in his murder case is "newly discovered evidence" that was withheld from Petitioner in violation of *Brady*, 373 U.S. 83. However, even though Petitioner asserts that the instant Petition is not successive, and even though Petitioner asserts that his grounds for relief satisfy the strict requirements of § 2244(b)(2)(B)(i) and (ii), the Fourth Circuit, not this court, is the proper tribunal to make that decision when authorization is requested.[2]

Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts,[3] by obtaining authorization from the Fourth Circuit to file this action.

---

[2] A petitioner in this district can obtain the necessary forms for filing a motion for such authorization from the Office of the Clerk of Court of the United States Court of Appeals for the Fourth Circuit, Lewis F. Powell, Jr. United States Courthouse & Annex, 1100 East Main Street, Suite 501, Richmond, Virginia 23219-3517. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[3] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals;" *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court murder conviction and sentence of life imprisonment in this court.

III.     Conclusion and Recommendation

For the foregoing reasons, the court recommends that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return.

IT IS SO RECOMMENDED.

August 6, 2012                                     Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

7

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).